**POSTED TO THE WEBSITE**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:

RYAN MATTHEW OHLINGER,

                Debtor.

Case No. 24-21356-A-13

GC-1; GC-2

**MEMORANDUM**

Argued and submitted on October 22, 2024

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances:

Gerald Glazer and Julius Cherry, Glazer and Cherry for the debtor, movant, and applicants; Lilian G. Tsang, Chapter 13 trustee in propria persona

This case is about accepting the bitter with the sweet. In the Eastern District of California, Chapter 13 debtor's counsel may elect payment under either of two mutually exclusive, integrated payment schemes: (1) by noticed motion with the amount of the fees calculated by the lodestar method, 11 U.S.C. § 330; Fed. R. Bankr. P. 2002(a); LBR 2016-1(b); or (2) without motion, by opting into a fixed flat fee, LBR 2016-1(c). Proceeding by noticed motion contains no restrictions, beyond court approval, as to the amount of the retainer that may be obtained or the timing of payment of debtor's counsel within the plan. LBR 2016-1(b)(2)-(3). In contrast, debtor's counsel who proceed without a noticed motion agree to restrictions on the amount and timing of payment to debtor's counsel, *viz.*, capping the retainer and paying the remainder in "equal monthly installments" over the life of the plan. LBR 2016-1(c)(3)-(4). Subject to Rule 60, the election is irrevocable and is made in the original Chapter 13 Plan filed.

Ryan Matthew Ohlinger ("Ohlinger") hired Glazer and Cherry (the firm) to file a Chapter 13 bankruptcy on his behalf. The firm and Ohlinger signed a flat fee agreement. He paid the firm a $2,500 retainer, which Glazer and Cherry deposited into its trust account. Ohlinger's original Chapter 13 plan, which was prepared, signed, and filed by Glazer and Cherry, opted into the flat fee but attempted to front-load fees to the first four months of a 60-month plan. After the case was filed and without other court approval, Glazer and Cherry deducted the filing fee from its trust account. Thereafter, Ohlinger filed a First Amended Chapter 13 Plan,[1] which attempted to opt out of

---

[1] Glazer and Cherry have styled the second plan as a "First Amended Chapter 13 Plan." This nomenclature is incorrect; all plans after the first plan are modified plans without regard to whether confirmation was achieved in a previous plan. 11 U.S.C. §§ 1323, 1329.

the flat fee and front-loaded fees owed, *viz.*, $6,000, to the first four months of a 60-month plan.  The firm also filed a motion to approve, on a flat fee basis, the $6,000 due it and to front-load that fee.

Glazer and Cherry make two primary arguments.  First, it contends the irrevocable election, LBR 2016-1(e), violates the debtor's right to modify the plan.  11 U.S.C. § 1323.  This court disagrees.  Because Glazer and Cherry have accepted the benefits of the opt in fee, *viz.*, claiming a flat fee as opposed to proceeding under the lodestar method and removing costs from trust without other court approval, they cannot now propose a plan that complies with § 330, and the irrevocable election required by LBR 2016-1(e) does not abridge the debtor's right to modify its plan.  11 U.S.C. § 1323.

Second, the firm contends the court should ignore local rules and allow a front-loaded flat fee because payment is "not realistic."  To this argument, there are two answers.  Election of payment under the flat fee, and subject to its restrictions, was wholly voluntary on the firm's part.  The firm could simply have opted out and sought fees by noticed motion, which has no structural limitations on the timing of payment.  But beyond that, spreading the fee over the life of the plan furthers larger Chapter 13 priorities: parity of administrative claims, 11 U.S.C. § 1326(b)(1)-(3); ensuring that the fee received is commensurate with the services rendered, 11 U.S.C. §§ 329(b), 330; and feasibility of the plan, 11 U.S.C. § 1325(a)(6).

## I.   FACTS

### A.   Ryan Ohlinger hires the Law Firm of Glazer and Cherry

Between January 2017, and January 2023, Ohlinger owned a used car dealership, "Ohlinger Motors, LLC," also known as "Petrol Auto Sales."

Vol. Pet. #2, ECF No. 1; Statement of Financial Affairs #27, ECF No. 11. When the business failed, Ohlinger found himself saddled with debt from that endeavor. So, he sought the assistance of the law firm of Glazer and Cherry (the firm), which regularly represents debtors before the bankruptcy court.

After consulting with the firm, Ohlinger decided to seek the bankruptcy court's protection under Chapter 13 of the Bankruptcy Code. Toward that end, the firm and Ohlinger signed a fee agreement. Ex. B in Response to Objection, ECF No. 72. The agreement provided Glazer and Cherry would receive a flat fee of $8,000 plus costs $500, viz. filing fees, $2,500 paid in advance ($2,000 in fees and $500 in costs) and the remaining $6,000 to be paid through the Chapter 13 Plan, disbursed by the Chapter 13 trustee from the debtor's monthly plan payments. Disclosure of Compensation, ECF No. 11. Ex. B, Written Agreements, ECF No. 72.

Consistent with the fee agreement, Ohlinger paid Glazer and Cherry a retainer of $2,500 (comprised of a fee retainer of $2,000 and a costs retainer of $500). D. Glazer decl. ¶ 2, ECF No. 73; Ex. A in Support of D. Glazer decl., ECF No. 74. That retainer was deposited into Glazer and Cherry's trust account.

**B.  Ohlinger Files Chapter 13 Bankruptcy and Proposes a Plan**

In April 2024, Ohlinger filed a Chapter 13 bankruptcy petition. Vol. Pet., ECF No. 1. Upon filing the petition, Glazer and Cherry deducted the filing fee, $313, from its trust account. D. Glazer decl. ¶ 2, ECF No. 73; Ex. A in Support of D. Glazer decl., ECF No. 74. Julius Cherry ("Cherry") signed the petition on the firm's behalf. *Id.*

Lilian G. Tsang was appointed as the Chapter 13 trustee.

Ohlinger's assets and debt profile is not complex. His assets were valued at $772,603; they include a residence, two vehicles, the usual household goods, and sporting equipment, three individual retirement accounts and a generous handful of financial accounts (including $44,117 in Bitcoins). Am. Schedules A/B, ECF No. 37. Only $76,491 of those assets is non-exempt. His debts are modest in number, but sizable in amount. Debts aggregate $736,689. Am. Schedules A/B, ECF No. 37. Those debts are comprised of a deed of trust against his residence in the amount of $26,488 and four unsecured business debts, which he estimated aggregated $710,201.00. Schedules D and E/F, ECF No. 11.

Ohlinger filed a Chapter 13 plan. As pertinent here, the plan had six parts. First, it provided that the debtor would pay the Chapter 13 trustee $1,700 per month for 60 months. Plan §§ 2.01, 2.03, ECF No. 10. Second, Glazer and Cherry elected to be compensated pursuant to Local Bankruptcy Rule 2016-1(c), which authorizes debtor's counsel to be paid a flat fee and without the need of court approval by noticed motion. *Id.* at § 3.05. Third, the plan segregated $1,500 per month for payment of administrative expenses, including Chapter 13 trustee's fees and Glazer and Cherry's fees. *Id.* at § 3.06. Fourth, the plan did not provide for payment of any secured or priority unsecured claims.[2] Fifth, general unsecured creditors, which were estimated to aggregate $710,201.00, were to receive a dividend of no less than five percent. Sixth, the plan contained a waterfall provision, which provided that any portion of the monthly payment unnecessary for performance of the plan would be distributed to

---

[2] The plan did provide for the debtor's direct payment to the creditor of his residential mortgage. Plan § 3.10, ECF No. 10.

creditors of a lower distribution priority.  *Id.* at § 5.02.  The plan did not contain any "nonstandard provisions."  *Id.* at § 7.

When the debtor and Glazer and Cherry filed the Chapter 13 plan, they each signed and filed the "Rights and Responsibilities of Chapter 13 Debtor's and Their Attorneys."  Rights and Responsibilities, ECF No. 9.  Among other things, the Rights and Responsibilities delineates 25 separate tasks a Chapter 13 debtor's attorney agrees to do in prosecution of the case in exchange for opting into the flat fee.  LBR 2016-1(c).

The meeting of creditors has been concluded.

### C.    Trustee Tsang Objects to Plan Confirmation

Trustee Tsang objected to confirmation of Ohlinger's original Chapter 13 plan.  Objection to Confirmation, ECF No. 16; Monahan decl. 1:26-2:6, ECF No. 49.[3]  The basis of the objection was: (1) the plan did not comply with LBR 2016-1(c)(4)(B), which precludes frontloading of attorneys' fees; (2) feasibility, 11 U.S.C. § 1325(a)(6), *viz.*, until the amount, if any, of taxes for 2023 was ascertained, it was unclear that the plan would fund; and (3) the plan failed the liquidation test, 11 U.S.C. § 1325(a)(4).

### D.    Glazer and Cherry File a Motion for Compensation

Then, Glazer and Cherry filed a Motion for Approval of Attorney's Fees, ECF No. 20.  The motion seeks approval of a flat fee of $8,000; approval of the retainer of $2,000; and payment of the balance of $6,000 "to be paid post-petition in 4 equal payments of $1,500."  *Id.*

---

[3] Initially, Trustee Tsang also objected to confirmation because she had not been provided with federal and state income tax returns.  11 U.S.C. §§ 521(e)(2)(A), 1308, 1325(a)(9).  That objection was resolved prior to the hearing.

at 4:15-20.[4]  The motion argues that LBR 2016-1(c), which requires fees unpaid by the retainer to be paid "in equal monthly installments over the term of the most recently confirmed Chapter 13 plan" and enjoins "front-load payment of fees and/or costs" is "not realistic." *Id.* at 1:21-24.  The motion is supported by the declarations of four local attorneys, two from Glazer and Cherry and two other attorneys, who testify that 85% of the work in a Chapter 13 case is completed not later than confirmation and that they "should not have to wait 5 years to be paid for their services."  Glazer decl. ¶ 5, ECF No. 23; Cherry decl. ¶ 4, ECF No. 44; Keenan decl. ¶ 4, ECF No. 42; Macaluso decl. ¶ 4, ECF No. 42.

At the hearing on the trustee's objection to plan confirmation and the first hearing on the motion for approval of fees, trustee Tsang narrowed her objection to the firm's attorney's fees, LBR 2016-1(e)(4)(B) (frontloading of unpaid attorneys' fees) and liquidation, 11 U.S.C. § 1325(a)(4).  The court suggested that Glazer and Cherry make a motion for relief of the flat fee election.  LBR 2016-1(e); Fed. R. Civ. P. 60, *incorporated by* Fed. R. Bankr. P. 9024.  Debtor's counsel agreed to do so; the court set a deadline for filing and hearing such a motion and continued the hearings on the Objection to Confirmation and the Motion for Compensation.  Order 2:16-24, ECF No. 53.

### E.   Ohlinger Files a First Modified Plan

Prior to the continued hearings, acting through Glazer and Cherry, Ohlinger filed a First Modified Chapter 13 Plan, ECF No. 63, and a Motion to Confirm the Modified Chapter 13 Plan, ECF Nos. 61-62,

---

[4] The amount of the fee, $8,000, and the retainer are consistent with local rules regarding flat fees in Chapter 13 cases.  LBR 2016-1(c)(1)(A),(3).

64-66. The terms of the First Modified Chapter 13 Plan are practically identical to the original plan.  Like the original plan, the First Modified Plan runs 60 months and frontloaded Glazer and Cherry's unpaid flat fees, *viz.*, e.g., payment of $1,500 per month for four months to retire the entire fee.  First Am. Plan § 2.01, ECF No. 63. Unlike the original plan, the First Modified Chapter 13 Plan omits a fee election; Glazer and Cherry's election failed to indicate whether they wished to be paid: (1) after noticed motion, 11 U.S.C. § 330(a); or (2) by flat fee without approval, subject to conditions, LBR 2016-1(c).  First Amended Chapter 13 Plan § 3.05, ECF No. 63.  Addressing the failure to make an election as to the method of its fees, Glazer and Cherry declined to make a Rule 60 motion for relief.  Status Report, ECF No. 70.  That report states: "Debtor will not be filing a 60(b) motion in reference to the original plan since the First Amended Plan corrects the original plan.  See 11 USCS (sic) 1323.  See also Bankruptcy Rule 1009 regarding the debtor's right to amend."  *Id.*[5]

**II.  PROCEDURE**

Two matters are pending before this court.  First, the firm of Glazer and Cherry has filed an application for compensation.  Mot. Compensation, ECF No. 20.  The application prays approval of $8,000 in fees, which is to be paid: (1) $2,000 retainer; and (2) $6,000 by the trustee from monthly plan payments.  *Id.* at 4:18-21.  The firm seeks to be paid $6,000 "in 4 equal payments of $1,500" by the trustee.  *Id.* at 4:18-21.  Second, Ohlinger seeks confirmation of his First Amended Chapter 13 plan, ECF No. 63.  Neither motion is opposed.

The parties agreed both motions pivot on two issues: (1) whether

---

[5] The failure to make an election is deemed opting out of the flat fee.  LBR 2016-1(e).

the First Modified Chapter 13 plan § 3.05 (which made no election for payment of debtor's counsel's fees) had the legal effect of revoking counsel's election in the original plan, *compare* LBR 2016-1 (election in the first plan is irrevocable) *with* 11 U.S.C. § 1323(a) (allowing modified plans) and Fed. R. Bankr. P. 9029(a) (allowing local rules that are consistent with Acts of Congress); and (2) even if the First Modified Chapter 13 plan did not work a revocation of that election, whether Glazer and Cherry had the right to front-load its fees.

Chapter 13 trustee Tsang confirmed that: (1) she is holding sufficient funds to retire Glazer and Cherry's entire administrative claim, *viz.* $6,000; and (2) if confirmed without modification, the First Modified Plan will result in full payment of the Glazer and Cherry administrative claim on her next distribution cycle. This represents payment of the total amount of compensation owed to the firm in the case just more than sixth months into a 60-month plan.

Both Glazer and Cherry and trustee Tsang agreed that the timing of payment to Glazer and Cherry could be modified in the order confirming the First Modified Chapter 13 plan, if the court disapproves front-loading of fees, First Modified Chapter 13 Plan § 3.05.

**III. JURISDICTION**

This court has jurisdiction. 28 U.S.C. §§ 1334(a)-(b), 157(b); *see also* General Order No. 182 of the Eastern District of California. All matters fall within the bankruptcy court's core jurisdiction, 28 U.S.C. § 157(a) (arising "under title 11"): (1) as to the motion for compensation, see 28 U.S.C. § 157(a); 28 U.S.C. § 11 U.S.C. §§ 328(a), 330(a)(4)(B); *In re Green*, No. 12-17945, 2013 WL 4603005, at *1 (Bankr. E.D. Cal. Aug. 28, 2013); *In re Riverside-Linden Investment*

*Co.*, 85 B.R. 107, 108 (Bankr. S.D. Cal. 1988); and (2) as to plan confirmation, 28 U.S.C. § 157(b)(2)(L); 11 U.S.C. §§ 1322, 1325; *Bullard v. Blue Hills Bank*, 575 U.S. 496, 503 (2015).

**IV.   LAW**

  **A.   The Bankruptcy Code's Mandates**

    **1.   On Chapter 13 Plan Confirmation**

Absent compliance with 11 U.S.C. §§ 1322, 1325, a Chapter 13 plan may not be confirmed.  The debtor bears the burden of proof as to each element necessary for plan confirmation.  *In re Warner*, 115 B.R. 233, 236 (Bankr. C.D. Cal. 1989); *see also In re Wolff*, 22 B.R. 510, 512 (9th Cir. BAP 1982) (superseded by statute *In re Renteria*, 456 B.R. 444, 448-449 (Bankr. E.D. Cal. 2011).

Among the requirements for confirmation is the requirement that the plan must provide appropriate treatment of attorneys' fees due debtor's counsel.  11 U.S.C. § 1325(a) (the plan must comply with "applicable provisions of this title"); 11 U.S.C. § 330 (court fixes the amount of compensation); 11 U.S.C. § 1322(a)(2) (plan shall pay administrative claims).

  **B.   On Chapter 13 Debtor's Counsel's Compensation**

    **1.   Amount**

After notice and a hearing, the court may award "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expense" due a "professional person" rendering services to the debtor or to the estate.  11 U.S.C. §§ 329, 330(a)(1); Fed. R. Bankr. P. 2016.  The applicant bears the burden of proof. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *In re Roderick Timber Co.*, 185 B.R. 601, 606 (B.A.P. 9th Cir.1995) In fixing the amount of the fee the court should weigh "the nature, the extent and the value"

of those services considering," 11 U.S.C. §330:

    (A) the time spent on such services;

    (B) the rates charged for such services;

    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

    In Chapter 13, debtor's counsel may fix the amount of compensation in one of two ways. Like other bankruptcy professionals seeking compensation, Chapter 13 debtor's counsel may set the amount of a reasonable fee by noticed motion. Fed. R. Bankr. P. 2002(a)(6). In ruling on the motion, most courts employ the lodestar method, which calculates the fee by multiplying the number of hours spent by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Unsecured Creditors' Comm. V. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991). But neither the lodestar method, nor noticed motion, is the only method by which compensation may be approved or the reasonable amount of the fee determined. *Id.*; *In re Beaver Bldg. Ctrs.*, Inc. 19 F.3d 833, 856 (3rd Cir. 1994).

    As an alternative, in Chapter 13 cases, courts around the country employ a predetermined reasonable flat fee for Chapter 13 cases. Known as "presumptive" or "opt in" fees, these set the amount of fees

1  for typical Chapter 13 cases.  Circuits throughout the country have

2  approved this practice.  *In re Eliapo*, 468 F.3d 592, 598 (9th Cir.

3  2006); *In re Cahill*, 428 F.3d 536, 541 (5th Cir. 2005); *In re

4  Kindhart*, 160 F.3d 1176 (7th Cir. 1998); *Matter of Riley*, 923 F.3d

5  433, 439 (5th Cir. 2019).  Since opt in fees operate largely beyond

6  the horizon of the judiciary and since the fee contemplates services

7  rendered by debtor's counsel for as long as five years into the

8  future, 11 U.S.C. § 1322(d), structural safeguards are built into the

9  presumptive fee guidelines to ensure that debtor's counsel performs

10  all the services contemplated by the fee.  Safeguards include: (1)

11  counsel's agreement to perform specified services over the life of the

12  case, *Eliapo*, 468 F.3d at 598 (attorney must sign the "Rights and

13  Responsibilities"); (2) limitations on the amount of the retainer that

14  may be taken, *Eliapo*, 468 F.3d at 598 ($500 retainer); *In re Pedersen*,

15  229 B.R. 445, 448 (Bankr. E.D. Cal. January 22, 1999) ($750 in

16  consumer cases and $1,500 in business cases); and (3) requiring that

17  any portion of the fee not paid by the retainer be paid over time,

18  ensuring continued performance of the plan, *In re Pappas & Rose, P.C.*,

19  229 B.R. 815, 817 W.D. Okla. December 1, 1998) (attorneys' fees to be

20  paid in equal monthly installments over not less than 24 months); *In

21  re Moore*, No. 02-03960, 2003 WL 22946433 at 1 (Bankr. D. Haw. May 28,

22  2003) (trustee shall pay debtor's counsel the lesser of 50% of the

23  monthly plan payment or $250); *Pedersen*, 229 B.R. at 447 (debtor's

24  counsel receives payment through the plan at a rate of the lesser of

25  $200 per month or 50% of the debtor's monthly plan payment).

26            **2.    Timing of Payment**

27       Chapter 13 of the bankruptcy code does not specify the timing of

28  payment to debtor's counsel within the plan.  11 U.S.C. §§ 1301-1330;

Scott F. Norberg and Nadja Schreiber Compo, *Report on an Empirical Study of District Variation, and the Roles of Judges, Trustees and Debtors' Attorneys in Chapter 13 Cases*, 81 Am. Bankr. L.J. 431, 450 (Fall 2007). Rather, it provides proscribes three things. First, absent consent of debtor's counsel, the fee must be paid in full by the plan, 11 U.S.C. § 1322(a); *In re Johnson*, 344 B.R. 104, 105 (9th Cir. BAP 2006). Second, priority administrative expense claims—including debtor's counsel's fees—must be paid before or at the time of "each payment to creditors under the plan." 11 U.S.C. § 1326(b)(1); § 507(a)(2); § 503(b); *In re Shorb*, 101 B.R. 185 (9th Cir. BAP 1989). Third, if the court has entered an order authorizing the payment of the filing fee in installments, 28 U.S.C. § 1930, "[a]ll installments of the filing fee must be paid in full before the debtor or the chapter 13 trustee may make further payments to an attorney or other person who renders services to the debtor in connection with the case." Fed. R. Bankr. P. 1006(a)(3).

Otherwise, the timing of payment to debtor's counsel is determined by local rule or, in the absence of a local rule, the terms of the Chapter 13 plan. *See e.g.*, *In re Pappas & Rose, P.C.*, 229 B.R; 815, 817 (W.D. Okla. December 1, 1998); *In re Moore*, No. 02-03960, 2003 WL 22946433 * 1 (Bankr. D. Haw. May 28, 2003); *In re Pederson*, 229 B.R. 445, 447-450 (Bankr. E.D. Cal. 1999) (plan payments from the trustee limited to the lesser of $200 per month or 50% of the debtor's monthly payment); *see also*, Keith *Lundin, Lundin on Chapter* 13, § 73.8 at ¶5 fn. 12, ¶ 7 at fn. 21 (2010).

### C.    Federal Rule of Bankruptcy Procedure 9029

As a rule, each district may promulgate local rules that are consistent with the United States Code, including Title 11, and the

Federal Rules of Bankruptcy Procedure.

> Each district court acting by a majority of its district judges may make and amend rules governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction which are consistent with-- but not duplicative of--Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms... A district court may authorize the bankruptcy judges of the district, subject to any limitation or condition it may prescribe and the requirements of 83 F.R.Civ.P., to make and amend rules of practice and procedure which are consistent with--but not duplicative of--Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms...

Fed. R. Bank. P. 9029(a).

The District Court for the Eastern District of California has delegated ruling making authority to the bankruptcy court. General Order Nos. 239, 295.

A three-part test for determining the validity of local rules exists:

> The three-part test for the validity of a local bankruptcy rule is: (1) whether it is consistent with Acts of Congress and the Federal Rules of Bankruptcy Procedure; (2) whether it is more than merely duplicative of such statutes and rules; and (3) whether it prohibits or limits the use of the Official Forms.

*In re Garner*, 246 B.R. 617, 624 (B.A.P. 9th Cir. 2000), cited by *In re Steinacher*, 283 B.R. 768, 772 (B.A.P. 9th Cir. 2002).

When considering consistency with the code or rules, several principles apply. "A rule may prescribe practice or procedure but may not enlarge, abridge or modify any substantive right." *In re Rivermeadows Assocs., Ltd.*, 205 B.R. 264, 269 (10th Cir. BAP 1997), cited with approval in *In re Steinacher*, 283 B.R. 768, 772 (9th Cir. BAP 2002). The "silence of the Act and Orders cannot alone be determinative" of consistency. *In re C. S. Crawford & Co.*, 423 F.2d 1322, 1324 (9th Cir. 1970). "[W]hen the Act and Orders are silent,

the test of validity of a local rule is whether it carries forward the purposes of the Act and keeps faith with the policies embodied therein." *Id.*

### D.   Local Bankruptcy Rule 2016-1

On November 1, 2023, the court adopted LBR 2016-1 by General Order 23-08; that rule governs Chapter 13 fees for cases in the Eastern District of California.  Under that rule, debtor's counsel may elect to have the amount of the fee determined either by: (1) noticed motion, LBR 2016-01(b); or (2) flat fee.  The decision to elect a payment by motion or under the flat fee rules belongs exclusively to debtor's counsel and the client(s).  The payment schemes are mutually exclusive; debtor's counsel elects the method of compensation in the original Chapter 13 plan, which must be filed not later than 14 days after the petition.  Fed. R. Bankr. P. 3015(b).

> Election.  Debtor's counsel shall elect compensation under subdivision (b) or subdivision (c) in the first Chapter 13 plan filed, i.e., Chapter 13 plan § 3.05, EDC 3-080.  Any failure to elect compensation in the first Chapter 13 plan filed shall be deemed an election to seek compensation and expenses under subdivision (b).  *Except as provided in Rule 60, that election, or failure to elect, is irrevocable.* Fed. R. Civ. P. 60, incorporated by Fed. R. Bankr. P. 9024.

LBR 2016-1(e) (emphasis added).[6]

#### 1.   Approval of Fees After Noticed Motion

LBR 2016-1(b) governs fees for Chapter 13 attorneys who elect to be paid after noticed motion.  The amount of the fee is set by noticed motion.  11 U.S.C. § 330; Fed. R. Bank. P. 2002(a)(6), 2016.  The default method of calculating the amount of the fee is the lodestar method.  LBR 2016-1(b)(1).  Subject only to the California Rules of

---

[6] At the time this case was filed, the election provision was LBR 2016-1(d); it has since been designated LBR 2016-1(e) without substantive change.

Professional Conduct 1.1(a), there is no restriction on the retainer that may be taken. LBR 2016-1(b)(2). Likewise, beyond the terms of the California Rules of Professional Conduct and the Bankruptcy Code, local rules contain no restriction on the timing of payment.

> Subject to applicable nonbankruptcy law, e.g., Cal. Rule Professional Conduct 1.15(a), any retainer received from the debtor(s) and/or a third party may not be withdrawn from debtor(s)' counsel trust account until entry of an order authorizing payment after application. 11 U.S.C. § 330; Fed. R. Bankr. P. 2016. *Subject to 11 U.S.C. §§ 507, 524, 1322(a)(2), 1328, after entry of an order approving compensation and reimbursement of expenses, 11 U.S.C. §§ 330, 331, there is no restriction on when counsel for the debtor(s) may be paid for services performed and/or reimbursed for expenses incurred, e.g., front-loaded, back-loaded, equal rate of payment, and the Chapter 13 trustee shall pay debtor(s)' counsel fees and costs consistent with the terms of the most recently confirmed plan.*

LBR 2016-1(b)(3) (emphasis added).

### 2. Approval of Fees Without Noticed Motion

Unlike fees approved after noticed motion, flat fees taken under the presumptively reasonable protocols of LBR 2016-1(c) are considerably less flexible, particularly in terms of the timing of payment to debtor's counsel. Under Rule 2016-1(c) the flat fee for a nonbusiness case is $8,500 and for a business case is $12,500. LBR 2016-1(c)(1). A rebuttable presumption exists that any Chapter 13 case is a nonbusiness case; the term "business case" is a defined term. LBR 2016-1(c)(1)(B). In each species of case, non-business or business, debtor's counsel is also entitled to costs reimbursement of $500. LBR 2016-1(c)(2). The amount of the retainer shall not exceed 25% of the underlying fee plus allowable costs, i.e., $500.

> Attorneys who claim fees under subdivision (c) shall not seek, nor accept, a retainer greater than the sum of (A) 25% of the fee specified in subdivision (c)(1) [$8,500 or $12,500]...and (B) the amount of costs in subdivision (c)(2) [$500].... Absent compliance with California Rule

of Professional Conduct 1.15(b), any retainer received
shall be deposited in the attorney's trust account.

LBR 2016-1(c)(3).

Payment of debtor's counsel advances in two steps.  The retainer

may be taken by counsel when the Chapter 13 petition is filed or, if

the fee agreement so provides, Cal. Rule of Professional Conduct

1.15(b), when counsel is retained; the remainder of the flat fee will

be remitted to the debtor by the Chapter 13 trustee in "equal monthly

payments" over the life of the plan from payments made by the debtor.

Debtor(s)' counsel shall be paid the flat fee prescribed by
subdivision (c)(1), or such lesser amount as debtor(s)'
counsel may agree to accept, and reimbursed for costs,
subdivision (c)(2), in the following manner:

(A)   Withdrawal of Funds from Trust Account.

If any retainer from the debtor(s) and/or a third party has
been deposited in the attorney's trust account, rather than
the attorney's operating account, as authorized by
California Rule of Professional Conduct 1.15(b), the
retainer shall be withdrawn when the petition is filed,
without regard to whether all schedules and statements or
the Chapter 13 plan have been filed.  Fed. R. Bankr. P.
1007, 3015(b).

(B)   Payment by the Chapter 13 Trustee.

*After confirmation of the debtor(s)' plan, the Chapter 13
trustee shall pay debtor(s)' counsel equal monthly
installments over the term of the most recently confirmed
Chapter 13 plan a sum equal to the flat fee prescribed by
subdivision (c)(1) less any retainer received. Debtor(s)'
counsel is enjoined from front-load payment of fees and/or
costs.*

LBR 2016-1(c)(4) (italics added).

Where a Chapter 13 case is dismissed or converted to another

chapter, *viz.*, Chapter 7, debtor's counsel may keep the retainer and

any payments received from the Chapter 13 trustee but is not entitled

to any further compensation.

Dismissal or Conversion.

17

> If the case is dismissed or converted to Chapter 7, debtor(s)' counsel shall not be entitled to any further compensation, whether from the Chapter 13 trustee, the debtors or otherwise, for services rendered and/or for costs incurred for the preparation or prosecution of the Chapter 13 case.

LBR 2016-1(c)(5).

Finally, the Chapter 13 flat fees, for nonbusiness and for business cases, and cost reimbursement are adjusted annually to account for inflation. LBR 206-1(c)(7).

**V.   DISCUSSION**

**A.   Absent Rule 60 Relief, the Election in the Original Chapter 13 Plan to Accept a Flat Fee Binds**

The question is whether LBR 2016-1(c), or any part of it, conflicts, *viz.*, impairs a substantive right afforded Glazer and Cherry by the Bankruptcy Code. The answer is: it does not.

**1.   LBR 2016-1(e): Irrevocable Election in the Original Chapter 13 Plan**

Glazer and Cherry argue that LBR 2016-1(e) abridges the debtor's right to modify the plan prior to confirmation, 11 U.S.C. § 1323 and, therefore, is invalid.[7] This court disagrees.

---

[7] Such a construction renders LBR 2016-1(e)'s election meaningless. LBR 2016-1 provides for flat fee, tied to performance of the plan. If debtor's counsel could opt into the flat fee, LBR 2016-1(c) and then change their election to opting out by filing a modified plan, 11 U.S.C. §1323, 1329, it would allow counsel at any time during the plan (which can last as long as five years) to elect and receive the flat fee, LBR 2016-1(c), then as a matter of right, file a modified plan that opts out, Chapter 13 plan § 3.05, ECF Form 3-080, and move for additional compensation under LBR 2016-1(b). Moreover, the rule allows counsel, with approval of the court "on just terms," to correct clerical and other errors. Fed. R. Bank. P. 60(b), *incorporated by* Federal Rule of Bankruptcy Procedure 9024; LBR 2016-1(e). The "on just terms" verbiage gives the court the power to ensure compliance with the code and the rules. Such terms might include: ensuring that the debtor understands and agrees to the different terms and manner of compensation for counsel and its consequences on plan performance; and/or re-depositing funds taken from the trust account.

LBR 2016-1 provides:

> (e) <u>Election</u>. Debtor's counsel shall elect compensation under subdivision (b) or subdivision (c) in the first Chapter 13 plan filed, i.e., Chapter 13 plan § 3.05, EDC 3-080. Any failure to elect compensation in the first Chapter 13 plan filed shall be deemed an election to seek compensation and expenses under subdivision (b). *Except as provided in Rule 60, that election, or failure to elect, is irrevocable*. Fed. R. Civ. P. 60, incorporated by Fed. R. Bankr. P. 9024.

LBR 2016-1(e) (emphasis added).

Section 1323 provides:

> (a) The debtor may modify the plan at any time before confirmation, but may not modify the plan so that the plan as modified fails to meet the requirements of section 1322 of this title.
>
> (b) After the debtor files a modification under this section, the plan as modified becomes the plan...

11 U.S.C. § 1323.

No conflict exists because a modified plan must still comply with all the provisions of title 11, 11 U.S.C. § 1322(b)(11); 11 U.S.C. § 1325(a)(1), and having received the benefits of the opt in provisions, Glazer and Cherry may not unilaterally change its election. Certainly, § 1322(b)(11) provides: "Subject to subsections (a) and (c) of this section, the plan may--... (11) include any other appropriate provision not inconsistent with this title." Glazer and Cherry's problem is that they cannot now comply with 11 U.S.C. § 330. That section only authorizes payment of Chapter 13 debtor's counsel if five requisites are met, 11 U.S.C. § 330(a)(4)(B): (1) reasonable compensation and reimbursement of actual, necessary expenses, 11 U.S.C. § 330(a); (2) approved by order of the court, Fed. R. Bankr. P. 2002(a); (3) after notice to the debtor, the trustee, and all creditors, Fed. R. Bankr. P. 2002(a)(6); (4) debtor's counsel proving the "reasonable[ness]" of the amount of the fees and that the expenses

are actual, necessary, 11 U.S.C. § 330(a)(2); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (movant carries the burden of proof); and (5) retention of the entire retainer in debtor's counsel's trust account until receipt of the order approving fees and costs. Cal. Rule of Professional Conduct 1.15(a).

LBR 2016-1(c) obviates the need to comply with these requirements and Glazer and Cherry have willingly accepted these benefits. It did so when it: (1) agreed to accept a flat fee, *Compare* Ex. B, Written Agreement Filed Under Seal, ECF No. 72 (agreement for flat fee) *with Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (which presumptively requires application of the lodestar method for calculating fees); and (2) withdrew from its trust account the $313 filing fee without an order approving the expenses, D. Glazer decl. ¶ 2, ECF No. 73; Ex. A in Support of D. Glazer decl., ECF No. 74. As a result, LBR 2016-1(e) does not conflict with § 1323(a).

### 2. LBR 2016-1(c)(4)(B): Equal Monthly Payments Over the Life of the Most Recently Confirmed Plan

The firm of Glazer and Cherry has no substantive right to control the timing of payment of its fees, except: (1) the fees must be paid in full during the life of the plan, unless it consents otherwise, 11 U.S.C. § 1322(a)(2); and (2) payment of their fees must commence not later than first payment to creditors, 11 U.S.C. § 1326(b)(1). Since the bankruptcy code and rules are silent on the issue of timing of payment within the plan, the test for validity of LBR 2016-1(c)(4)(B) is whether it carries forward the purposes and policies of the code and rules. It does so.

**a.　11 U.S.C. § 1326(b)(1): Before or At the Time of Payment to Creditors**

LBR 2016-1 is consistent with—and not contrary to—the requirement of § 1326(b)(1) that payments be made "before or at the time of each payment to creditors under the plan". *In re Shorb*, 101 B.R. 185 (9th Cir. BAP 1989); *In re Pappas & Rose P.C.*, 229 B.R. 815 (W.D. Oklahoma Dec. 1, 1998) (local rule requiring attorneys' fees to be paid over 24 months); *In re Parker*, 21 B.R. 692 (E.D. Tenn. 1982); *In re Barbee*, 82 B.R. 470, 473 (Bankr. N.D. Ill. 1988); *In re Lanigan*, 101 B.R. 530 (Bankr. N.D. Ill. 1986); *In re Pedersen*, 229 B.R. 445, 447 (Bankr. E.D. Cal. January 22, 1999) (local rule limiting pre-petition retainers and requiring that the trustee pay debtor's administrative claim at the lesser of $200 per month or 50% of the plan payment); *In re Thompson*, 2008 WL 53279 (Bankr. D. Md. January 3, 2008) ("the attorneys wish this court to allow them to pocket funds that are paid to them in anticipation of future legal services").

Moreover, spreading payment of unpaid attorneys' fees over the life of the Chapter 13 plan is consistent with the treatment of other priority administrative creditors.  11 U.S.C. § 1326(b)(1)-(3) (debtor's counsel, Chapter 13 trustee's fees, and Chapter 7 fees in converted cases).  Each of the other administrative creditors are paid over the life of—and then if and only if, the debtor performs—the plan.  For example, the Chapter 13 trustee receives a percentage, not to exceed ten percent, of the debtor's monthly payment under the plan.  28 U.S.C. § 586(e)(1)(A) & (B)(i).  And if the case is dismissed preconfirmation, the Chapter 13 trustee receives no fee.  *Matter of Evans*, 69 F.4th 1101, 2023 WL 3939837, *4-5, 7) (9th Cir. 2023).  If the case is converted to Chapter 7, funds received and held by the

Chapter 13 trustee must be returned to the debtor, and not distributed to creditors or paid to administrative claims. *Harris v. Viegelahn*, 575 U.S. 510, 517-519, 135 S.Ct. 1829, 1837-1838 (2015). A second example is Chapter 7 trustees whose fees remain unpaid for a case that converts from Chapter 7 to Chapter 13. In that case, the Chapter 7 trustee's fees are prorated "over the remaining duration of the plan." 11 U.S.C. § 1326(b)(3). There is no principled reason for treating debtor's counsel's administrative claims differently, in fact better, than other administrative claims.

### b.    11 U.S.C. §§ 329(b), 330: Fees Commensurate with Services Rendered

Next, LBR 2016-1(c) carries forward the policy of ensuring the reasonableness of fees. 11 U.S.C. § 330(a) (court may allow "reasonable compensation for actual, necessary services"); 11 U.S.C. § 329(b) (court may disgorge fees if "compensation exceeds the reasonable value" of legal services provided). The lodestar method provides the backbone of reasonableness when assessing the flat fee. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The presumptive Chapter 13 flat fee makes two critical assumptions. First, the reasonableness of the fee is determined over the entire pool of Chapter 13 cases, not as to the work performed in any individual Chapter 13 case. Ex. A in Support of Mot. Fees p. 3, ECF No. 22 ("Reasonableness as Measured Over Time"). In one case counsel may be overpaid for services rendered; in the next case counsel may be underpaid. If debtor's counsel wants the fee for each case to be reasonable, he or she must opt out and move for fees. LBR 2016-1(b). Second, the flat fee and stage payments assumes that everything about the case is average: the skill of counsel and the

proportion of the work that he or she delegates to subordinate staff; the complexity of the case; the acrimony between the debtor and creditors; and the sophistication and cooperation of the client. In any given case this assumption may, or may not, be accurate.

As to the aggregate amount paid Glazer and Cherry by the flat fee, this court believes that the fee is reasonable. It was set by a joint bench-bar committee. *Id.* at p. 4 ("Chapter 13 Flat Fee Committee). After review of relevant data, the committee found that the average nonbusiness case takes 35-40 hours from inception to discharge. *Id.* at 1 ("The Problem"). At the suggestion of the committee, the court set the flat fee at $8,500, which is a blended hourly rate (attorney and subordinate staff) of $213-243. The movant does not argue that the aggregate fee is too low. Nor could they; Glazer and Cherry accepted a flat fee of less than the amount authorized. *Compare* Disclosure of Compensation, ECF No. 11 ($8,000) *with* LBR 2016-1(c)(1)(A) (authorizing a flat fee of $8,500).

As to the stage payments, in a perfect world, the fees paid to counsel at any given stage of the Chapter 13 case would match closely the services rendered by counsel, even if the stages are measured over the pool of cases. Payments to debtor's counsel should neither significantly lead, nor appreciably follow, services rendered. That much precision is not possible for progress payments; stage payments are intended as reasonable approximations. Nothing more.

Glazer and Cherry contend that the rate of pay does not represent a reasonable estimate of time expended, i.e., that at confirmation debtor's counsel has undertaken 85% of the work necessary for the prosecution of a Chapter 13 case, and, therefore, they "should not have to wait 5 years to be paid for their services." Cherry decl. ¶

4, ECF No. 44.  This court disagrees.  The rate of payment, viz., the
25% retainer cap and the "equal monthly installment" were set by the
bench-bar committee after having considered all pertinent facts.  Ex.
A in Support of Mot. Fees p. 3, ECF No. 22 ("A Possible Solution ¶ 3).

     Moreover, this court rejects, as not credible, the testimony that
85% of the work necessary to prosecute a case through discharge has
been accomplished by plan confirmation.  11 U.S.C. § 1328.  This court
has had extensive experience with Chapter 13 practice, before and
after taking the bench.  And while much of the work in a Chapter 13
case occurs in achieving confirmation of the original plan, it is
considerably less than 85%.  Movant's own evidence proves this fact.
As a part of its decision to accept a flat fee, Glazer and Cherry
executed the "Rights and Responsibilities of Chapter 13 Debtors and
Their Attorneys," EDC Form 3-096, ECF No. 9.  That document outlines
25 discreet tasks that debtor's counsel agrees to undertake in
exchange for the flat fee.  Of those 25 tasks, at least 10, or 40%,
occur post confirmation.  See *Rights and Responsibilities,* After the
Case is Filed, Items 6-15, ECF No. 9.[8]  The argument that debtor's
counsel's work is nearly finished at confirmation is not accurate.

### c.    11 U.S.C. § 1324(a)(6): Feasibility

     Finally, giving debtor's counsel a stake in the success of the
case enhances feasibility.  Confirmation is governed by 11 U.S.C. §
1325; among the elements necessary for confirmation is the debtor's
proof that "the debtor will be able to make all payments under the

---

[8] The court allocates those tasks pre-confirmation and post-confirmation as
follows: (1) pre-confirmation tasks are "Before the Case is Filed, the
Attorney Agrees to" Items Nos. 1-10 and "After the Case is Filed the Attorney
Agrees to" Nos. 1-5.; and (2) post-confirmation tasks are "After the Case is
Filed the Attorney Agrees to" Nos. 6-15".

plan and be able to comply with the plan." 11 U.S.C. § 1325(a)(6).
Notwithstanding this requirement and the broad discretion of debtors
to modify plans to adjust to the vagaries of economic life, 11 U.S.C.
§§ 1323, 1329, far less than one-half of all Chapter 13 debtors
prosecute their cases to discharge. 11 U.S.C. § 1328. Ed Flynn,
*Success Rates in Chapter 13*, 36 Am. Bankr. L.J. 38 (2017) (41.5% of
Chapter 13 who are represented by counsel receive discharge); Sara S.
Greene, Parina Patel, and Katherine Porter, *Cracking the Code: An
Empirical Analysis of Consumer Bankruptcy Outcomes*, 101 Minn. L. Rev.
1031, 1043 (February 2017); (about one-half dismissed without
discharge); Scott F. Norberg and Nadja Schreiber Compo, *Report on an
Empirical Study of District Variation, and the Roles of Judges,
Trustees and Debtors' Attorneys in Chapter 13 Cases*, 81 Am. Bankr.
L.J. 431, 444 (Fall 2007) (about one-third). Most are dismissed for
non-payment of the Chapter 13 trustee in the amount required by the
plan. *In re Pappas & Rose P.C.*, 229 B.R. 815 (W.D. Oklahoma Dec. 1,
1998) (70% fail for non-payment); Sara S. Greene, Parina Patel, and
Katherine Porter, *Cracking the Code: An Empirical Analysis of Consumer
Bankruptcy Outcomes*, 101 Minn. L. Rev. at 1043. Common wisdom in the
bankruptcy community is that Chapter 13 attorneys who continued to be
owed fees have greater incentive to propose feasible plans and to keep
a floundering Chapter 13 case alive. *In re Lanigan*, 101 B.R. 530, 533
(Bankr. N.D. Ill. 1986); Scott F. Norberg and Nadja Schreiber Compo,
*Report on an Empirical Study of District Variation, and the Roles of
Judges, Trustees and Debtors' Attorneys in Chapter 13 Cases*, 81 Am.
Bankr. At 447, 450.

    As a result, this court believes the equal monthly payment
requirement of LBR 2016-1(c)(4)(B) carries forward the provisions and

polices and was a valid exercise of the bankruptcy court's rule making authority.

**B. Motion for Compensation**

The motion for compensation will be denied. Glazer and Cherry elected to receive compensation by flat fee, Chapter 13 plan § 3.05, ECF No. 10, and absent relief under Rule 60, the firm is bound by that election. LBR 2016-1(e). The retainer the firm received, and the aggregate fee charged, are wholly consistent with that election; the timing of the proposed payment to the firm is not consistent with the election. The firm declined that opportunity to prosecute a Rule 60 motion. *Compare* Order, ECF No. 53 (setting deadline), *with* Status Report, ECF No. 70 (declining opportunity). The First Amended Chapter 13 plan § 3.05, ECF No. 63, does not override that election. Mem. V(A)(1).

Even if 11 U.S.C. § 1323 could vitiate that election or if the firm had successfully prosecuted a Rule 60 motion, the court would deny this motion. Though contrary authority exists, *In re Shorb*, 101 B.R. 185 (9th Cir. BAP 1989), the better authority is that the timing of payment of fees approved under 11 U.S.C. § 330(a)(4)(B) is made in the Chapter 13 plan. 11 U.S.C. § 1322(a)(2), 1325(a)(1). Moreover, Glazer and Cherry have not sustained their burden of proof as to the amount. The default method for approval of compensation in Chapter 13 is the lodestar method. LBR 2016-1(b); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Unsecured Creditors' Comm. V. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991). Instead, counsel seeks approval of a flat fee and has not provided records of time expended. The motion will be denied.

**C.   Motion to Confirm Chapter 13 Plan**

A Chapter 13 plan may be confirmed if it complies with 11 U.S.C. § 1322, 1325.  Glazer and Cherry made an irrevocable election to accept the presumptively reasonable fee.  The firm declined to seek relief of that election under Rule 60.  As a result, the First Amended Chapter 13 Plan § 3.05, ECF No. 63, which front-loads the entire fee, $6,000, to the first four months of a 60-month plan is not compliant. LBR 2016-1(c)(4)(B).

At the hearing, Glazer and Cherry, and trustee Tsang agreed that confirmation could occur, if the court disapproved the compensation motion, by including verbiage in the confirmation order that the First Modified Chapter 13 Plan § 3.05, is modified to comply with LBR 2016-1(c)(4)(B).  This court agrees and the plan is confirmed with that modification.

**VI.   CONCLUSION**

For the reasons indicated, the motion for compensation is denied; the court will issue an order from chambers.

The motion for confirmation is granted, provided the order confirming includes verbiage correcting the First Modified Chapter 13 plan § 3.0 to provide for payment of the administrative claim of Glazer and Cherry in equal monthly installments over the term of the Chapter 13 Plan.  Glazer and Cherry shall prepare the order; trustee Tsang shall approve the form of the order.

**Dated:** October 31, 2024

**Fredrick E. Clement**
**United States Bankruptcy Judge**

# Instructions to Clerk of Court

**Service List - Not Part of Order/Judgment**

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

| Debtor(s) | Attorneys for the Debtor(s) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |
| **All Creditors** | |